# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

RONALD R. DUEBBERT,                 )

            Plaintiff,        )

v.                          )   Cause No.:

ST. CLAIR COUNTY, ILLINOIS,    )

      Serve:  Mr. Thomas Holbrook    )
               County Clerk          )
               St. Clair County Building  )
               2nd Floor            )
               Belleville, IL  62220     )

OFFICE OF                      )
STATE'S ATTORNEY APPELLATE  )
PROSECUTORS OF THE STATE OF  )
ILLINOIS,                     )

      Serve:  Mr. Patrick Delfino      )
               Director              )
               Office of State's Attorney Appellate )
               Prosecutors of the State of Illinois  )
               725 S. Second Street      )
               Springfield, IL  62704     )

STATE OF ILLINOIS           )

      Serve:  Mr. Patrick Delfino      )
               Director              )
               Office of State's Attorney Appellate )
               Prosecutors of the State of Illinois  )
               725 S. Second Street      )
               Springfield, IL  62704     )

CITY OF BELLEVILLE,        )

      Serve:  Ms. Jennifer G. Meyer    )
               Belleville City Clerk      )
                Belleville City Hall       )
                101 S. Illinois Street     )
                Belleville, IL 62220      )

BRENDAN F. KELLY, Former )
St. Clair County States Attorney, )
  )
     Serve: 10 Timber Waters Ct. )
         Swansea, IL  62226 )
  )
LORINDA LAMKEN-FINNELL, )
Special prosecutor of the State of Illinois, )
  )
     Serve:  Office of State's )
         Attorney Appellate )
         Prosecutors of the )
         State of Illinois )
         725 S. Second Street )
         Springfield, IL  62704 )
  )
DAVID ROBINSON, Special prosecutor of the )
State of Illinois, )
  )
     Serve: Office of State's )
         Attorney Appellate )
         Prosecutors of the State of )
         Illinois )
         725 S. Second Street )
         Springfield, IL  62704 )
  )
ALEX ENYART, Special victim )
Advocate, )
  )
     Serve:  704 E. D Street )
         Belleville, IL  62220 )
  )
DETECTIVE DANIEL COLLINS, Belleville )
Police Department )
     Serve:  605 S. Church Street )
         Belleville, IL  62220 )
  )
TIMOTHY CRIMM  Belleville Police )
Department, )
  )
     Serve:  1501 Lincoln Blvd. )
         Mascoutah, IL  62258 )
  )
CARLOS RODRIGUEZ, )
Complaining witness )

```
                                              )
       Serve:  603 S. 16th Street             )
               Belleville, IL  62220          )
                                              )
       Defendants.                            )
```

## COMPLAINT

Comes now the Plaintiff, Ronald Duebbert, by his attorney, Michael A. Lawder, (hereinafter referred to as ""Duebbert" or "Plaintiff"'), and for his Complaint against the above named Defendants states the following:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to *42 U.S.C. Section 1983* to redress the deprivation under color of law of Plaintiff Duebbert's rights as secured by the United States Constitution.  Supplemental jurisdiction to entertain state law claims arises under 28 U.S.C. Section 1367.

2.      This court has jurisdiction pursuant to 28 U.S.C. 1331 and 1367.  Venue is proper under 28 U.S.C. Section 1391(b).  The events giving rise to the claims asserted herein have occurred in this district.

## PARTIES

3.      Plaintiff Ronald R. Duebbert is a resident of St Clair County, Illinois. He is a practicing attorney licensed to practice law in the state of Illinois since 1991. He was elected to the position of circuit judge and St Clair County, Illinois on November 8, 2016.  He was sworn in as a circuit judge on December 5, 2016.

4.      The County of St. Clair is a governmental entity operating within the state of Illinois which consists in part of the St. Clair County State's attorney's Office.  The County of St. Clair is responsible for the acts of its employees while acting within the scope of their

employment.  At all times relevant to this action, St. Clair County was the employer of some of

Defendants including, Brendan Kelly, more specifically described below.  All are necessary

parties to this lawsuit.  St. Clair County is a necessary party to this action.

5.      The Office of the State's Attorneys Appellate Prosecutor is an agency of the State

of Illinois located in Springfield, IL and it is a governmental entity which operates the State's

Attorney Appellate Attorney office located there. It is responsible for the acts of its employees

and attorneys while acting within the scope of their employment and it is responsible for the

policies, practices, and customs of the Illinois State's Attorney Appellate Prosecutors Office.  At

all times relevant to this action, the Office of the State's Attorneys Appellate Prosecutor was the

employer of some of Defendants including Lorinda Lamken-Finnell, and David Robinson, more

specifically described below.  All are necessary parties to this lawsuit. The Office of the State's

Attorneys Appellate Prosecutor is a necessary party to this action.

6.      The State of Illinois is also sued because it is the entity that operates the Office of

the State's Attorneys Appellate Prosecutor agency.   And Plaintiff incorporates all of the

allegations of Paragraph 5 above as if fully set forth herein.

7.      The City of Belleville, Illinois is a municipality corporation operating and existing

within the State of Illinois.  The City of Belleville is responsible for the acts of its employees

while acting within the scope of their employment and is responsible for the policies, practices,

and customs of the Belleville Police Department.  At all times relevant to this action, the City of

Belleville was the employer of some of Defendants, including Detective Daniel Collins and

Detective Timothy Crimm more specifically described below.  All are necessary parties to this

lawsuit. City of Belleville, Illinois is a necessary party to this action.

8.      The following Defendants are sued in their individual capacities, and acted under

4

color of law and within the scope of their employment during the actions which are part of this lawsuit.  Upon information and belief the following individuals acted in a malicious, willful and/or wanton manner toward Duebbert and were involved in all or some of the following: investigating the alleged crimes described and discussed herein; the improper arrest and charging of Duebbert of the crimes described and discussed herein; the improper withholding exculpatory evidence of his actual innocence, the improper procuring of witness fabrications and other and/or other conduct directly relating to his wrongful prosecution thereof, and any other misconduct alleged herein.

    a.    **Brendan Kelly** is an attorney licensed to practice law in the State of Illinois, who is also the former St. Clair Counry, Illinois State's Attorney, and who at all times relative to this complaint was employed by the County of St. Clair, Illinois as the elected State's Attorney.  Kelly participated in and directed the so-called investigation of Plaintiff Duebbert, and he controlled and directed said investigation until he handed said investigation over to the Illinois State's Attorneys Appellate Prosecutor and its employed lawyers, Lorinda Lamken-Finnell and David Robinson but he also continued to participate in Plaintiff Duebbert's prosecution after Defendant Illinois State's Attorneys Appellate Prosecutors Office took over the formal prosecution.  Upon information and belief, Kelly was personally involved in directing or consenting to the fabrication of evidence against Plaintiff Duebbert, as well as the suppression of exculpatory evidence tending to prove Plaintiff Duebbert's innocence of the crimes charged.  And further, Kelly was responsible for proper procedure and standard procedure for the Illinois State's Attorneys Appellate Prosecutors in investigating, charging and prosecuting defendants not being followed in the so-called investigation, as well as the charging and prosecution of Plaintiff Duebbert for the aforementioned crimes.  And further, Kelly was responsible for proper procedure in his office as well as in the defendant Belleville, Illinois police department not being followed in both the investigation and charging of Plaintiff Duebbert for the aforementioned crimes.  **Defendant Kelly is also being sued in Counts VI through IX individual for said State Law Claims.**

    b.    **Lorinda Lamken-Finnell** is an attorney licensed to practice law in the State of Illinois, who at all times relevant hereto was employed by the Illinois State's Attorneys Appellate Prosecutor.  Pursuant to an October 5, 2017 request by then State's Attorney Brendan Kelly, and further pursuant to a court order entered by Chief Judge Andrew Gleeson, Lamken-Finnell was appointed to conduct the investigation and prosecution of Plaintiff Duebbert.  Upon information and belief, discovery will show that Lamken-Finnell was personally involved in directing or consenting to the fabrication of evidence against Duebbert, as well as

the suppression of exculpatory evidence tending to prove Plaintiff Duebbert's innocence of the crimes charged. And further, Lamken-Finnell was responsible for proper procedure and standard procedure for the Illinois State's Attorney's Appellate Prosecutor in investigating, charging and prosecuting defendants not being followed in the investigation and charging and prosecution of Plaintiff Duebbert for the aforementioned crimes. Lamken-Finnell was also responsible for proper procedure in her office as well as in the defendant Belleville, Illinois police department not being followed in both the investigation and charging of Plaintiff Duebbert for the aforementioned crimes. **Defendant Lamken-Finnell is also being sued in Counts VI through IX individual for said State Law Claims.**

c.  **David Robinson** is an attorney licensed to practice law in the state of Illinois, who at all times relevant to this complaint was employed by the Illinois Office of the State Attorneys Appellate Prosecutor. Pursuant to an October 5, 2017 request of then State's Attorney Brendan Kelly, and further pursuant to a court order entered by Chief Judge Andrew Gleeson, he was appointed to conduct the investigation  and prosecution of Plaintiff Duebbert. Upon information and belief, discovery will show that Robinson was personally involved in directing or consenting to the fabrication of evidence against Plaintiff Duebbert, as well as the suppression of exculpatory evidence tending to prove Plaintiff Duebbert's innocence of the crimes charged. And further, Robinson was responsible for proper procedure and standard procedure for the Illinois State's Attorneys Appellate Prosecutor's in investigating, charging and prosecuting defendants not being followed in the  investigation and charging and prosecution of Plaintiff Duebbert for the aforementioned crimes. Robinson was also responsible for proper procedure in his office as well as in the defendant Belleville, Illinois police department not being followed in both the investigation and charging of Duebbert for the aforementioned crimes. **Defendant Robinson is also being sued in Counts VI through IX individual for said State Law Claims.**

d.  **Detective Daniel Collins**, is detective with the City of Belleville, Illinois who was charged with the investigation of the Plaintiff Duebbert.  Upon information belief, discovery will show that Collins was personally involved in directing or consenting to the fabrication of evidence against Duebbert as well as the suppression of exculpatory evidence.  And further, Collins was responsible for proper procedure and standard procedure in his office not being followed in the investigation and charging of Duebbert for the aforementioned crimes. **Defendant Collins is also being sued in Counts VI through IX individual for said State Law Claims.**

e.  **Detective Timothy Crimm**, is detective with the City of Belleville, Illinois who was charged with the investigation of the Plaintiff Duebbert.  Upon information belief, discovery will show that Crimm was personally involved in directing or consenting to the fabrication of evidence against Duebbert as well as the suppression of exculpatory evidence.  And further, Crimm was responsible for

proper procedure and standard procedure in his office not being followed in the investigation and charging of Duebbert for the aforementioned crimes. **Defendant Collins is also being sued in Counts VI through IX individual for said State Law Claims.**

f.    **Alex Enyart** is an attorney licensed to practice law in the State of Illinois who at all times related to this complaint was the criminal defense attorney of record for Carlos A. Rodriguez. Enyart was also appointed by the appropriate entity for Defendant St. Clair County to be the special victim advocate for then-defendant Carlos A. Rodriguez in St. Clair County, Illinois felony case 17-CF-1406, and who under color of state law helped to procure in the investigation of Plaintiff Duebbert the false affidavits of then-defendant Carlos A. Rodriguez in case 17-CF-1406, more particularly described herein below. Upon information and belief, discovery will show that Enyart was personally involved in directing or consenting to the fabrication of applicants against plaintiff Duebbert, as well as the suppression of exculpatory evidence tending to prove Plaintiff Duebbert's innocence of the crimes charged.  And further, Enyart is responsible for proper procedure and standard procedure in his office not being followed in the investigation and charging at Duebbert for the aforementioned crimes.  Enyart was also responsible for proper procedure in the defendant Belleville, Illinois police department not being followed in both the investigation and charging of Duebbert for the aforementioned crimes.  **Defendant Enyart is also being sued in Counts VI through IX individual for said State Law Claims.**

g.    **Carlos A. Rodriguez** at all times relevant to this complaint was a person living in St. Clair County, Illinois, who swore under oath one or more false affidavit(s) under color of Illinois state law help which formed the sole basis of the investigation of Plaintiff Duebbert, and said affidavits were used to investigate Plaintiff Duebbert, and to charge Plaintiff with crimes and to prosecute him improperly, as is more particularly described herein below.  Upon information and belief, discovery will show that Rodriguez was personally involved in the fabrication of evidence against Plaintiff Duebbert. **Defendant Rodriguez is also being sued in Counts VI through IX individual for said State Law Claims.**

## BACKGROUND FACTS

9.    On November 8, 2016, Plaintiff Ronald R. Duebbert was duly elected a Circuit Court Judge for the Twentieth Judicial District; he was sworn in as circuit judge on December 5, 2016.

10.    Many persons in St. Clair County, Illinois were not happy that Plaintiff Duebbert defeated the incumbent Chief Judge, the Honorable John Baricevic.  Among those persons

opposed to Plaintiff Duebbert's election as a circuit judge, and both before and after his election, were politically powerful persons who engaged in concerted efforts to find any way to either keep Plaintiff Duebbert from becoming a circuit judge or remaining as the duly elected circuit judge, those efforts including but not limited to manufacturing false allegations of criminal behavior against Plaintiff Duebbert.

11.      Over the years since October 2011, Plaintiff Duebbert represented the criminal defendant and current civil defendant, Carlos A. Rodriguez in a significant number of criminal matters arising in St. Clair County, Illinois. On numerous occasions, Rodriguez told Duebbert that Duebbert performed in a "stellar" manner in his representational of Rodriguez. On multiple occasions in late 2016 and 2017, Rodriguez also told his subsequent attorney in felony case 16 CF 1285, attorney Dedra Brock Moore, that Plaintiff Duebbert had done a great job for him (Rodriguez) in his legal representations.

12.      On or about September 26, 2016, and by way of a criminal information executed by Detective Jamal T. Jackson of the Centreville, Illinois Police Department, Rodriguez was charged with the felony criminal offense of aggravated fleeing and attempting to elude a police officer, St. Clair County case 16-CF-1285.

13.      On or about September 27, 2016, Rodriguez was arraigned in felony case 16-CF-1285 by the St. Clair County Circuit Court, at which time Defendant Rodriguez informed the court that he had retained as his private attorney Plaintiff Duebbert in felony criminal matter 16-CF-1285.  Rodriguez's choice of private criminal defense attorney was memorialized in a court order of record in his felony case.

14.      On or about September 27, 2016, Rodriguez, through his then girlfriend, Amy Parrack, contacted the Duebbert Law Office and Plaintiff Duebbert who asked Duebbert on

behalf of Rodriguez to represent Rodriguez in case 16-CF-1285. Duebbert agreed with Parrack to once again represent Rodriguez in his new criminal case upon payment of a partial attorney fee payment.  On or about his same date, Parrack informed Rodriguez that Plaintiff Duebbert agreed to represent Rodriguez as his defense attorney.  At this time, Rodriguez remained incarcerated because neither he nor anyone on his behalf had posted the required $5000 bond so that Rodriguez would be released from the St. Clair County, Illinois jail.

15.     On or about September 28, 2016, Rodriguez, authorized Parrack to make an initial attorney fee payment to Plaintiff Duebbert through The Duebbert Law Office.  On or about this date, Parrack made a payment of $1300 on behalf of Rodriguez, received by Plaintiff Duebbert's legal assistant.

16.     On or about September 30, 2016, Plaintiff Duebbert entered his appearance as attorney of record for then-defendant Rodriguez in felony case 16 CF 1285.  At the same time, Plaintiff Duebbert negotiated with then Assistant State's Attorney James Piper to reduce Rodriguez's bond from the original $50,000 to $10,000, with 10% to apply— or $1000– as well as various additional bond parameters.  At this time, Rodriguez remained incarcerated as he was unable to post bond.

17.     On or about September 30, 2016,  Parrack presented to Plaintiff Duebbert's law office and requested that Duebbert refund to Rodriguez, through Parrack, $1000 of the previously paid legal fees retainer. Plaintiff Duebbert authorized the refund of $1000 to Rodriguez and Parrack, which Parrack then posted as a bond for Rodriguez so he would be released from the county jail.  Written record was kept of the $1,000 refund to Rodriguez.

18.     On or about October 18, 2016, Rodriguez's felony case was assigned to Judge Jann Fiss, and Plaintiff Duebbert served a formal Motion for Discovery on Defendants Brendan

Kelly and on St. Clair County, Illinois.

19.     After his election as circuit judge, and on or about November 22, 2016, on a scheduled afternoon court hearing date in Rodriguez's felony case, Plaintiff Duebbert arranged with Rodriguez to meet before court at The Duebbert Law Office to transfer Rodriguez's criminal case to attorney Dedra Brock-Moore via written motion signed by Rodriguez, and to obtain Rodriguez's signature on an Assignment of Bond pleading, assigning his posted $1000 bond in 16-CF-1285 to his new attorney, Dedra Brock-Moore.  At no time prior to November 22, 2016, nor at any time, did Rodriguez sign any Assignment of Bond to Plaintiff Duebbert.

20.     While Plaintiff Duebbert was Rodriguez's criminal defense attorney of record, Duebbert negotiated with and obtained from the Megan Lintker, St. Clair County Assistant State's Attorney ("ASA") assigned to Rodriguez's case, a negotiated initial plea offer for Rodriguez, which was ultimately rejected by Rodriguez.

21.     Prior to August 22, 2017, Rodriguez underwent a TASC drug and alcohol evaluation, which found that he suffered from a significant addiction to certain illegal drugs.  TASC's evaluation recognized a link between Rodriguez's criminal acts and/or behavior on September 26, 2016 (the date upon which Rodriguez's actions resulted in the issuance of the criminal charges of 16-CF-1285) and his drug use and/or addiction. TASC recommended that Rodriguez complete intensive outpatient drug treatment as a special condition of his probation if he were sentenced by the court to a period of probation.

22.     On or before August 22, 2017, Rodriguez's attorney, Dedra Brock-Moore, sought and obtained from ASA Megan Lintker a subsequent negotiated disposition for Rodriguez's 16-CF-1285 felony case, as follows:  In exchange for Rodriguez's plea of "guilty" to the charge of felony aggravated fleeing and eluding a police officer, Rodriguez would be sentenced to a period

of 18 months of conditional discharge, he would be placed on felony probation for twenty-four (24) months, he would pay a fine of $500, he would be assessed certain court costs and probation fees, to be paid over the period of his probation, and as a special condition of his probation, Rodriguez would be required to complete intensive outpatient drug treatment pursuant to his recent TASC evaluation. Upon successful completion of his probation, Rodriguez could file a petition to dismiss his felony charge in case 16-CF-1285.

23.    On or about August 22, 2017, while represented by attorney Dedra Brock-Moore, Rodriguez voluntarily entered a plea of "guilty" the felony charge in case 16-CF-1285, Aggravated Fleeing and/or Attempting to Elude Peace Officer.  A record of the plea was taken by a court reporter.  Rodriguez signed the sentencing order.

24.    On or about August 22, 2017, when Rodriquez voluntarily entered his plea of "guilty" in his felony case 16-CF-1285, he did not make any statement whatsoever to presiding Judge Jann Fiss regarding any issue or problem with his then current attorney, Dedra Brock-Moore, or his original defense attorney, Plaintiff Duebbert.

25.    On or about September 15, 2017, Rodriguez, by his then new attorney, Defendant Alex Enyart, filed his original Motion to Withdraw Guilty Plea, and as his grounds for such Motion, stated that Plaintiff Duebbert, his second attorney, Dedra Brock-Moore, and then presiding Judge Jann Fiss had "failed to advise defendant Rodriguez that his [Illinois] driver's license would be revoked pursuant to 625 ILCS 5/11-204.1(b) by pleading guilty to the charge of Aggravated Fleeing or Attempting to Elude a Peace Officer."  Rodriguez also signed his first notarized Affidavit to accompany his Motion to Withdraw Plea, which contained his reasons for the filing of said motion.

26.    In his September 15, 2017 motion to withdraw guilty plea, Rodriguez made no

mention of any criminal conduct on the part of Plaintiff Duebbert, either in his formal written motion, or in his attached and notarized Affidavit.

27.    On or about September 27, 2017, at about 10 A.M., instant Defendant Rodriguez, the chief and only complaining witness against Plaintiff Duebbert, presented with his attorney, Defendant Enyart, to the Belleville Police Department, ostensibly to give his statement to the police concerning Plaintiff Duebbert's alleged criminal activities relative to Defendant Rodriguez.  Instead, Defendant Enyart presented Belleville police officer Defendant Daniel Collins with a prepared and notarized Affidavit, executed by defendant Rodriguez, regarding the relevant allegations of criminal conduct involving Plaintiff Duebbert.  Defendant Rodriguez had refused to appear several times before this date to give his statement about Plaintiff Duebbert to Defendant Belleville Police Department.

28.    At the "so-called" interview of Defendant Rodriguez with Defendant Belleville Police, Rodriguez refused to make any on the record or off the record statement to the police, stating through his attorney, Defendant Enyart, that he did not feel comfortable talking about his allegations of Plaintiff Duebbert's criminal conduct.

29.    Defendant Belleville Police Department did make an audio recording of Defendants' Rodriguez's and Enyart's September 27, 2017 meeting at the Belleville Police Department.  Upon information and belief, discovery will show that the Defendant Belleville Police Department made and kept a video recording of said meeting.

30.    Instead, Defendant Enyart simply presented Defendant Rodriguez's sworn and notarized affidavit to Belleville Police Officer Defendants Collins and Crimm, which is described fully herein below. From on or about September 27, 2017, and through the July 5, 2018 dismissal of criminal charges against Plaintiff Duebbert, and through the present date,

Defendant Rodriguez did not at any time, through this date, make any statement whatsoever to the multiple Defendant criminal investigating authorities involved in this case, including but not limited to defendant Belleville Police Department and its employees, Defendants Collins and Crimm, defendant St. Clair County and its elected Defendant State's Attorney Brendan Kelly, and Defendant Illinois State's Attorneys Appellate Prosecutor and its Defendant employees, Robinson and Lamken-Finnell. Through the date of filing of this Complaint, no formal or informal, written or video statement or interview of alleged then complaining witness and instant Defendant Rodriguez was taken by any Defendants or any other person.

31.     On or about September 27, 2017 and through today, the information and averments contained in the sworn affidavit of Defendant Rodriguez were and are not true, and Defendants Enyart, Collins, Crimm, Kelly, Robinson, and Lamken-Finnell were all aware of the falsity of the information and averments of the Defendant Rodriguez Affidavit at that time.

32.     In the Affidavit prepared by Defendant Enyart, Defendant Rodriguez states:

*"I, CARLOS RODRIGUEZ , do hereby swear and affirm that the following is true:*

*Ron Duebbert was my lawyer in my case 16-CF1285.  I was charged with Aggravated Fleeing and Attempting to elude a Police Office (sic).  Ron Duebbert has been my lawyer in the past and made numerous inappropriate sexual advances towards me.  In the past, I requested that he stop making sexual advances towards me and I advised him that I was not interested in men.*

*On October 14th, 2016 I went to my court date with Mr. Duebbert.  After court, we walked over to his office.  We sat and talked for a little bit.  I was getting ready to leave and had my jacket or hoodie.  As I was getting up, I putting (sic) it on and I had my hands up in the air.  My shirt was tucked in and it started coming out as I raised my arms.  Ron had come around to see me out and he started helping me with the jacket with one hand, while he started tucking my shirt in with the other.  He then reached into my shorts, felt the side of my body, and grabbed my penis through my underwear.  I freaked out.  I froze up for a second.  I felt disgusted.  I told him I'm not gay, don't touch me that way.  I don't remember exactly what I said.  I immediately left.  He did not have my permission to touch me in that manner and he knew that I did not want to be touched in that manner.*

*On November 22nd, 2016, I met Ron Duebbert at my court date at 1:30pm in*

*Courtroom 401. After court, we walked over to his office where he introduced me to Dedra Moore. He informed me that Dedra would start representing me, but that I still owed him money for his legal services. Ron Duebbert told me that he would knock $100 off my bill if I would suck his penis. I told him no. Later on during our meeting he brought up that someone had paid a guy $20,000 to say that he touched him. He stated something to the effect of "You would never do that, would you? You would never take any money to go after me?" I believe he was asking me this to make sure I would never tell anyone that he offered to reduce my legal fees in exchange for oral sex.*

*I swear that the facts in this affidavit are true and correct in substance and fact.*

*/s/ Carlos Rodriguez*
*Carlos Rodriguez*

*9/27/17*
*Date*

STATE OF ILLINOIS            )
                             )ss.
COUNTY OF ST. CLAIR          )

*I swear that the facts in this petition (sic) are true and correct in substance and fact.*

*/s/ Carlos Rodriguez*
*Carlos Rodriguez*

*Subscribed and sworn to before me, the Undersigned Notary Public on this 27th day of September, 2017.*

*Jacqueline R. Sprehe*
*Notary Public"*

33.     On or about September 27, 2017, after Defendants Collins and Crimm were provided by Defendant Enyart with Defendant Rodriguez's false affidavit, the two defendant police officers moved for and applied for a warrant application against Plaintiff Duebbert, 2017 WA-1747.

34.     Regarding said Warrant Application, Defendant Brendan F. Kelly moved for the appointment of a special prosecutor in case 17MR 308 on October 5, 2017, which was granted by Judge Andrew Gleeson on that same date. The order asked the Office of the State's Attorneys

Appellate Prosecutor accept the appointment of Special Prosecutor.  And the St. Clair County

State's attorney's office was directed to send all documents, reports or other information related

to this case to said Special Prosecutor and the same was done.  Defendant St. Clair County did

not ever file a formal Motion to Withdraw from the felony case 2017-CF-1406 filed against

Plaintiff Duebbert.

35.     On or about October 23, 2017 Defendant Enyart filed Defendant Rodriguez's

Amended Motion to Withdraw Guilty Plea in case 16 CF 1285, this second time alleging for the

first time in the Motion and in its attached sworn and notarized affidavit the false information

described in the aforementioned affidavit.

36.     Said Motion to Withdraw Guilty Plea was granted per court order signed on or

about October 31, 2017 by Judge Jan Fiss, and significantly, "without objection from the State."

37.     Although the October 31, 2017 court order signed by Judge Fiss states in its

opening paragraph that Defendant Rodriguez was represented in the hearing on that date by

Defendant Alex Rodriguez, upon information and belief, evidence will demonstrate that

Defendant Alex Enyart did not personally appear in court on that date, but rather attorney

William Enyart (Defendant Alex Enyart's father) appeared in the place of Defendant Alex

Enyart.

38.     At the least between on or about October 6, 2017 and November 7, 2017,

Defendant Enyart and Defendant Lamken-Finnell, and upon information and belief, which

discovery will prove, Defendant Enyart and Defendant Robinson, and Defendant Enyart and

Defendant Kelly, communicated with each other by land-line based telephone and/or cellular

telephone (voice and text) and/or by other electronic means (e-mail).

39.     That at all times relevant to this complaint, Defendant Enyart was working with

all the other instant government defendants and their defendant employees as an investigator and prosecutor for those defendant entities and the State of Illinois, under authority of Illinois law. Defendant Lamken-Finnell informed multiple persons that Defendant enyart was Defendant Rodriguez's special victims advocate appointed by the State of Illinois.

40.     Text messages dating from on or about October 25, 2017 at or about 7:24 P.M., sent by Defendant Enyart to Defendant Lamken-Finnell, advised Defendant Lamken-Finnell and all the other defendants in this case that Defendant Rodriguez was lying about at least some of the averments contained in his Affidavit, as follows:   *"He [Defendant Rodriguez] has told me [Defendant Enyart] he embellished what happened before and that this was the only incident of contact[.]"*

41.     Based upon this affidavit alone, and despite the criminal nature of the Defendant Rodriguez, and Rodriguez's complaining witness testimony being "knowingly embellished" and further, with no interview of any kind of Defendant Rodriguez, on November 6, 2017  with no other police investigation of any kind, Defendant Kelly, who despite the request for a special prosecutor stayed in the case, and Defendant Crimm, and Defendants Lamken-Finell and Robinson issued an information charging the Plaintiff with two misdemeanors, battery and Solicitation of a sexual act, and two felonies, intimidation, and criminal sexual abuse.  The information for all four of these crimes were based solely upon the aforementioned questionable affidavit made by Defendant Carlos Rodriquez.

42.     Although Defendants State of Illinois and the Office of the State's Attorneys Appellate Prosecutors, as well as its employees, Defendant Robinson and Lamken-Finnell, and the County of St. Clair, as well as its employee, Defendant Kelly, possesses the standard option of presenting their evidence concerning Plaintiff Duebbert's actions as alleged by Defendant

Rodriguez to a grand jury, which would have evaluated the evidence for probable cause to charge Plaintiff Duebbert with the commission of a crime, including presenting Defendant Rodriguez to the grand jury for testimony, the defendants and each and all of them, chose not to present their slight evidence to the grand jury.

43.     The felony criminal charges filed by the defendants, and each and all of them, against Plaintiff Duebbert carried with them a possible sentence of incarceration for Plaintiff Duebbert in the Illinois Department of Corrections for a period of two to five years, along with substantial fines.

44.     That on or about December 13, 2017, when Defendant Kelly, Defendant Robinson and Defendant Lamken-Finnell complied with the discovery requests of Plaintiff Duebbert, filed through his attorneys of record, the said defendants did not provide full discovery compliance to Plaintiff Duebbert in that they did not provide the Defendant Enyart and Defendant Lamken-Finnell text messages with their first discovery promulgation, although the defendant clearly possessed those text messages. Illinois law and criminal court rules, as well as applicable U.S. Supreme Court case law, requires that the defendant prosecutors provide the exculpatory text messages to Plaintiff Duebbert through his attorneys of record within a short time after it is received. Here the texts were sent and received before formal criminal charges were filed against Plaintiff Duebbert.

45.     On or about May 5, 2018, Defendant Kelly, Defendant Robinson, and Defendant Lamken-Finnell first provided Plaintiff Duebbert, through his attorneys of record, written copies of the text messages between Defendant Enyart and Defendant Lamken-Finnell.

46.     On or about February 18, 2018, and while in possession of the unproduced exculpatory text messages between Defendant Enyart and Defendant Lamken-Finnell, Defendant

Robinson, in cooperation with Defendant Lamken-Finnell and Defendant Kelly, sent a plea agreement in case 2017-CF-1406 to Plaintiff Duebbert, through his attorneys of record, asking for him to enter a plea of "guilty" to the charges, further requesting that Plaintiff Duebbert pay a $1,000 fine and agree to a one month sentence to the St. Clair County jail.

47.     On or about June 19, 2018, Plaintiff Duebbert, through his attorneys of record, filed a motion with the court in his felony criminal case asking for the production of all additional electronic communications between Defendant Enyart and Defendant Lamken-Finnell and Defendant Robinson, as well as all communications by and between any of the prosecutors for the instant Defendant State of Illinois, as well as access to the cellular telephones use by defendant Enyart, which was to be examined by Plaintiff Duebbert's legal defense team's forensic experts.

48.     This motion for discovery was granted by the court on or about June 26, 2018. Prior to Defendant Kelly, Defendant Robinson, Defendant Lamken-Finnell, and Defendant Enyart producing any material responsive to this request and subsequent court order, and on or about July 6, 2018, Defendant Robinson, Defendant Lamken-Finnell, and Defendant Kelly dismissed (nolle prosequi) all four (4) counts of the criminal information filed against Plaintiff Duebbert.

49.     Since then, no further criminal charges have been brought against Plaintiff.

**Damages**

50.     Plaintiff Ronald Duebbert's reputation has been defamed and damaged severely, and he has been traumatized by the false accusations which formed the basis of the four count felony criminal information.

51.     Plaintiff Ronald Duebbert has not been allowed to serve in his position as a duly

elected Circuit Judge in St. Clair County, IL, and this has continued for a period of over two (2)

years, and thus this ordeal has caused psychological pain, intense emotional distress, physical

sickness, humiliation, embarrassment, depression, deprivation of enjoyment of life, sleep

disruption, inability to concentrate, complete distrust and fear of the police, deprivation of work,

the need for professional mental and emotional counseling, and anxiety and shame in the past

and will continue to do so into the future.

52.     Duebbert has been forced to expend much money for attorney fees for his

defense, and he seeks his attorney's fees in this matter and his costs.

## COUNT I—42 U.S.C. Sec. 1983 – DUE PROCESS

53.     Each of the Paragraphs of this Complaint is incorporated as if restated fully

herein.

54.     As described more fully above, each of the individually named Defendants while

acting individually, jointly, and in conspiracy, as well as under color of law and within the scope

of their employment, deprived Duebbert of his constitutional right to liberty and to a fair trial

without due process of law.

55.     In the manner described more fully above, the named Defendants' and their

employees and agents deprived Duebbert of his constitutional right to a fair trial by withholding

exculpatory evidence, engaging in subornation of perjury, and the coercion of witnesses to

produce false evidence against Duebbert and the other actions as described herein.

56.     The above described misconduct directly resulted in Duebbert being denied the

right to a fair trial and being improperly charged with the four (4)count felony charge as well as

having his liberty being restricted in violation of the Due Process Clause of the Fifth and

Fourteenth Amendments to the United State Constitution.

57.     The deprivations most likely could not have occurred without the specific acquiescence of the Defendants in furtherance of their desire to deny Duebbert his position as a Circuit Judge regardless of his guilt or innocence.

58.     As a result of the Defendants' deprivation of Plaintiff Duebbert's constitutional right to liberty without due process of law, Plaintiff Duebbert suffered injuries, including but not limited to emotional distress, as are more fully alleged herein above.

59.     The misconduct as described in this count was objectively unreasonable, and it was undertaken by the Dependents with intentional and willful indifference to plaintiff Duebbert's constitutional rights.

60.     As a result of the Defendants' actions Duebbert's constitutional rights were violated, and he suffered injuries, including but not limited to the loss of liberty and the right to a fair trial as was more fully alleged above.

## COUNT II—42 U.S.C. Sec. 1983 ---FAILURE TO INTERVENE

61.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

62.     In the manner described above, during the constitutional violations described above, the individual Defendants stood by without intervening to prevent the misconduct, including but not limited to, the deliberate withholding of exculpatory evidence showing Duebbert's actual innocence and the fabrication of evidence.

63.     As a result of the individual Defendants' failure to intervene to prevent the violation of Duebbert's constitutional rights, Duebbert suffered pain and injury, as well as emotional distress, as is more fully alleged above.  These Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

64.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Duebbert's constitutional rights.

65.     The misconduct described in this Count was undertaken pursuant to the policies and practices of both the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois in the manner described in the preceding paragraphs.

## COUNT III---42 U.S.C. Sec. 1983---CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

66.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

67.     As of the time that the Affidavit described herein was drafted, the individual Defendants reached an agreement amongst themselves to frame Duebbert for these crimes.  The agreement reached by the Defendants deprived Duebbert of his constitution right of liberty without due process of law.  The parties conspired to do this based on the fabricated evidence and without due process of law as described above.

68.     In this manner, the individually named Defendants acting in concert with other unknown co-conspirators, including persons who are not members of either the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois, have conspired by concerted action to accomplish the deprivation of Duebbert's liberty by unlawful means.

69.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise a willful participant in joint activity.

70.     As a direct and proximate result of the illicit prior agreement referenced above, Duebbert's constitutional rights to liberty were violated, and he suffered financial damages as

well as severe emotional distress and anguish, as is more fully alleged above.

71.    The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the right of Duebbert.

72.    The misconduct described in this Count was also undertaken pursuant to the policies and practices of both the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois, in the manner described more fully in preceding paragraphs and was tacitly ratified by policy makers for County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois.

### COUNT IV—42 U.S.C. Sec. 1983—MALICIOUS PROSECUTION

73.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

74.    Each of the individually named Defendants acted in this count under color of law and within the scope of their employment, and said charges resulted in a deprivation of Plaintiff Duebbert's liberty within the meaning of same constitutionally.

75.    The individually named Defendants individually and/or jointly and in conspiracy caused Duebbert to be improperly subjected to judicial proceeding for which there was no probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Duebbert's favor in a manner indicative of innocence.  Each of the individually named Defendants were instrumental in the initiation and / or perpetuation of the prosecution of Duebbert.

76.    The individually named Defendants accused Duebbert of criminal activity knowing those accusations to be without probable cause, and they made statements to

prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

77.     Statements of the individually named Defendants regarding Duebbert's alleged culpability were made with knowledge that said statements were false and perjured.  In so doing, the Defendants fabricated evidence and withheld exculpatory information.

78.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Duebbert.

79.     As a result of this misconduct, Duebbert sustained, and continues to sustain, injuries including pain and suffering, as well as emotional distress, and economic injury, as is more fully alleged above.

## COUNT V—STATE LAW CLAIM—MALICIOUS PROSECUTION

80.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

81.     The individually named Defendants individually and/or jointly and in conspiracy caused Duebbert to be improperly subjected to judicial proceeding for which there was no probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Duebbert's favor in a manner indicative of innocence.  Each of the individually named Defendants were instrumental in the initiation and / or perpetuation of the prosecution of Duebbert.

82.     The individually named Defendants accused Duebbert of criminal activity knowing those accusations to be without probable cause, and they made statements to prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

83.     Statements of the individually named Defendants regarding Duebbert's alleged culpability were made with knowledge that said statements were false and perjured.  In so doing, the Defendants fabricated evidence and withheld exculpatory information.

84.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Duebbert.

85.     As a result of this misconduct, Duebbert sustained, and continues to sustain, injuries including pain and suffering, as well as emotional distress, and economic injury, as is more fully alleged above.

## COUNT VI—STATE LAW CLAIM—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

87.     The acts and conduct of the individual Defendants as set forth above were extreme and outrageous.  The individual Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Duebbert, as is more fully alleged above.

88.     Said actions and conduct did directly and proximately cause severe emotional distress to Duebbert, and thereby constituted intentional infliction of emotional distress.

89.     The misconduct described in this Count was undertaken with malice willfulness, and reckless indifference to the rights of Duebbert.

90.     As a proximate result of Defendants wrongful acts, Duebbert suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT VII—STATE LAW CLAIM—CIVIL CONSPIRACY

91.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

92.     As described more fully in the preceding paragraphs, the individual Defendants including acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

93.     In furtherance of the conspiracy, the individual Defendants committed overt acts and were otherwise willful participants in joint activity.

94.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Duebbert.

95.     As a proximate result of Defendants ' conspiracy, Duebbert suffered damages including severe emotional distress and anguish, and economic injury, as is more fully alleged above.

## COUNT VIII—STATE LAW CLAIM—RESPONDEAT SUPERIOR

96.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

97.     In committing the acts alleged in the preceding paragraphs of this Complaint, each of the Defendants were members of the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois—and all were acting at all relevant times within the scope of employment and under color of law.

98.     As such the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois, were all liable as principal for all torts committed by its agents.

## COUNT IX—STATE LAW CLAIM—INDEMNIFICATION

99.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

100.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are individually liable within the scope of their employment activities.

101.    The Defendants are or were employees of the County of St. Clair, the City of Belleville Police, and the Office of State's Attorney Appellate Prosecutors of the State of Illinois, and they acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, the Plaintiff Ronald R. Duebbert, respectfully requests that this Court enter judgment in his favor and against the Defendants in the amount of $10,000,000 in compensatory damages, punitive damages against each and every individually named Defendant, as allowable under the law, because these Defendants acted in a malicious willful and/or wanton manner toward Plaintiff Duebbert.  Plus costs and attorney's fees against the Defendants, as well as any other relief this Court deems appropriate.

## **JURY DEMAND**

Plaintiff Ronald R. Duebbert, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,


BY: /s/Michael A. Lawder
    Michael A. Lawder
    Michael Lawder Law Firm
    1010 Market Street, Suite 1540
    St. Louis, MO 63101
    (314) 721-2777

(314) 721-3515 (Fax)
***Attorney for Plaintiff Ronald R. Duebbert***

## CERTIFICATE OF SERVICE

I hereby certify that the above pleading was filed electronically with the Clerk of the Court using the CM/ECF system on this 2nd day of July 2019, which will send notification to those entitled to receive such notice:

/s/ Michael A. Lawder